UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JUAN VENTURA,

    Plaintiff,

v.

TED CONNER LANDSCAPING, INC.,
a Florida Profit Corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, JUAN VENTURA ("VENTURA" or Plaintiff), by and through his undersigned counsel, hereby files this Complaint against Defendant, TED CONNER LANDSCAPING, INC. (hereinafter "TCL" or "Defendant") and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Age Discrimination in Employment Act of 1964 ("ADEA"), 29 U.S.C. §§ 621, *et. seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1376.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

1

## PARTIES

5. Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise sui juris. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a fertilization/pest control tech.

6. Plaintiff is an individual over 40 years of age, and is a member of a class protected under the ADEA and the FCRA because the terms, conditions, and privileges of his employment were altered due to his age, and/or in retaliation.

7. Defendant is a Florida Profit Corporation registered to do business within Florida, with its principal place of business in Pompano Beach, Broward County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA, Fla. Stat. §760.02(7).

9. At all times relevant hereto, Defendant was a covered employer under the ADEA, 29 U.S.C. § 630(b), in that it employed twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year during the relevant time period and because Defendant's business is engaged in the transporting, handling or otherwise working with or on goods that have been moved in or produced for commerce, as defined in the ADEA, 29 U.S.C. § 630(g).

10. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission

("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

11. Plaintiff filed his charge on or about March 17, 2021, which was no more than 300 days after the last discriminatory event occurred, to wit: December 29, 2020.

12. Plaintiff was issued a Notice of Suit Rights on June 2, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

13. Plaintiff worked for Defendant as a fertilization/pest control tech from on or about March 2020 until his termination on December 29, 2020.

14. Plaintiff is a 62-year-old male.

15. Almost immediately after Plaintiff began working for Defendant, his supervisor Jessy Lugo ("Lugo") started harassing and bullying him because of his age.

16. Lugo purposely gave Plaintiff overly demanding assignments and instructions then he would change his demands and instructions over and over.

17. Lugo blamed Plaintiff for his overly demanding and convoluted assignments and instructions.

18. Lugo repeatedly told Plaintiff that Plaintiff didn't comprehend activities or complete tasks.

19. Lugo berated and bullied Plaintiff. Specifically, Lugo continually would tell Plaintiff he was too slow, implying that Plaintiff was too old for the job.

20. Many time throughout Plaintiff's employment with Defendant, Lugo would follow Plaintiff out to his truck, lose his temper, and shout at Plaintiff for being too slow in front of his co-workers. Again, Lugo was implying Plaintiff was too old to do the job.

21. Despite all of Lugo's accusations and implications, Plaintiff always got his work done every day that he was employed.

22. Lugo's harassment of Plaintiff was done out in the open and in the presence of Plaintiff's co-workers including the company owner, Ted Conner's, son and general manager Jason Conner.

23. Jason Conner did nothing to stop or punish Lugo's harassment of Plaintiff, and therefore condoned or endorsed Lugo's inappropriate conduct.

24. On or about December 29, 2020, Plaintiff was advised that he was terminated for being too slow, not completing tasks, and not comprehending day-to-day activities, which were pretextual.

25. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's age was, at minimum, a motivating factor in Defendant's decision for her termination[1].

26. Plaintiff never received any write-ups or any other form of discipline before his termination.

27. Plaintiff found out after his termination that he was replaced by someone younger.

28. Defendant did not treat other similarly situated employees similarly who were either (a) younger that forty (40) years old.

29. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

30. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I: VIOLATION OF THE ADEA
## (DISCRIMINATION)

31. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

32. This is an age discrimination action which arises under the provisions of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

33. Plaintiff belongs to the class protected under the ADEA because he was over 40 years of age at the time of his termination.

34. During Plaintiff's employment with Defendant, Plaintiff's supervisor, Lugo, purposely gave Plaintiff overly demanding assignments and instructions then he would change his demands and instructions over and over.

35. Lugo continually harassed and berated Plaintiff by calling him too slow implying that he was too old for the job.

36. Lugo did not harass or give overly demanding assignments and instructions to other similarly situated employees under the age of forty (40) years of age.

37. The disparate treatment due to Plaintiff's age happened on a daily basis and it created a hostile and/or offensive work environment, which ultimately resulted in Plaintiff's termination.

38. Plaintiff was advised that he was terminated for being too slow, not completing tasks, and not comprehending day-to-day activities, which were pretextual.

39. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the ADEA as a direct result of Defendant's discriminatory actions.

40. Plaintiff, based on information and belief, alleges that Plaintiff's supervisor, Lugo, acted with intentional disregard for Plaintiff's rights as a person over forty (40) years of age, who is protected under the ADEA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Lugo, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff JUAN VENTURA requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the ADEA, all as provided in 29 U.S.C. § 626;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 626 (b);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

### COUNT II: VIOLATION OF THE ADEA
### (HOSTILE WORK ENVIRONMENT)

41. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

42. Plaintiff brings this action under §7(b) of the ADEA, 29 U.S.C. § 626(b), for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the harassment inflicted on Plaintiff due to his age.

43. Plaintiff is a member of a protected class because he was over forty (40) years of age at the time of his termination.

44. The terms and conditions of Plaintiff's employment were altered in that he could not perform his job without being subjected to Lugo's pattern of conduct whereby he would give Plaintiff overly demanding assignments and instructions and harass him for being too slow implying that he was too old to do his job.

45. Lugo was Plaintiff's immediate supervisor at the time and Lugo's actions towards Plaintiff were severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Lugo's conduct was severe and pervasive from both a subjective and objective perspective.

46. Lugo's pattern of conduct and actions were condoned by Defendant.

47. Lugo, at all times relevant, was acting within the course and scope of his employment.

48. If not for Lugo's animus towards Plaintiff as an individual over 40 years of age, Plaintiff would not have received overly demanding assignments and instructions, would not have been harassed for being too slow and would not have been terminated.

49. Defendant's proffered reasons to terminate Plaintiff were pretextual.

50. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the ADEA as a direct result of Defendant's discriminatory actions.

51. Plaintiff, based on information and belief, alleges that Plaintiff's supervisor, Lugo, acted with intentional disregard for Plaintiff's rights as a person over forty (40) years of age, who is protected under the ADEA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Lugo, and/or other

employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

      WHEREFORE, Plaintiff JUAN VENTURA requests judgment for:

    a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the ADEA, all as provided in 29 U.S.C. § 626;

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 626 (b);

    d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e. Such other relief as the Court deems just and proper

### COUNT III: VIOLATION OF THE ADEA
### (RETALIATION)

52. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

53. Plaintiff brings this claim for retaliation in violation of the ADEA.

54. Lugo's harassment of Plaintiff was done out in the open and in the presence of Plaintiff's co-workers including the company owner, Ted Conner's, son and general manager Jason Conner.

55. Jason Conner did nothing to stop or punish Lugo's harassment of Plaintiff, and therefore condoned or endorsed Lugo's inappropriate conduct.

56. At the time of the open and obvious harassment, Plaintiff had an objectively reasonable belief that the treatment he experienced was due to his age, hostile work environment, or a combination thereof.

57. As a result, Plaintiff has suffered the ultimate adverse employment action, termination.

58. Defendant states that Plaintiff was terminated because he was too slow, unable to understand instructions, and unable to complete assignments even though there is no support for this claim and it is, therefore, pretextual. Any other reason for Plaintiff's separation is equally pretextual as he was always competed his work every day and was never disciplined for any performance deficiencies.

59. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, injunctive relief and lost wages and benefits, pursuant to the provisions of ADEA, 29 U.S.C. § 626 (b)

60. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under ADEA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to liquidated damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff JUAN VENTURA requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the ADEA, all as provided in 29 U.S.C. § 626;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 626 (b);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e.  Such other relief as the Court deems just and proper.

## COUNT IV: VIOLATION OF THE FCRA
## (DISCRIMINATION BASED ON AGE)

61. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

62. Plaintiff is a member of a protected class under the FCRA, §§ 760.01-760.11, based on his age, 40 years of age or older, and because the terms and conditions of his employment were altered due to his age.

63. During Plaintiff's employment with Defendant, Plaintiff's supervisor, Lugo, purposely gave Plaintiff overly demanding assignments and instructions then he would change his demands and instructions over and over.

64. Lugo continually harassed and berated Plaintiff by calling him too slow implying that he was too old for the job.

65. Lugo did not harass or give overly demanding assignments and instructions to other similarly situated employees under the age of forty (40) years of age.

66. The disparate treatment due to Plaintiff's age happened on a daily basis and it created a hostile and/or offensive work environment, which ultimately resulted in Plaintiff's termination.

67. Plaintiff was advised that he was terminated for being too slow, not completing tasks, and not comprehending day-to-day activities, which were pretextual. Defendant did not have a valid, non-discriminatory reason for terminating Plaintiff. However, even if it did, Defendant's proffered reason for Plaintiff's termination is pretextual.

68. Lugo acted within the scope of his duties with Defendant and Defendant is liable for Lugo's discriminatory conduct by ratifying/condoning said actions.

69. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

70. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff JUAN VENTURA requests judgment for:

a. Past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. Interest on the amount found due;

c. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

d. Such other relief as the Court deems just and proper.

### COUNT V – VIOLATION OF THE FCRA
### (HOSTILE WORK ENVIRONMENT)

71. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

72. Plaintiff is a member of a protected class under the FCRA, §§ 760.01-760.11, because he was subjected to a hostile work environment due to his age.

73. The terms and conditions of Plaintiff's employment were altered in that he could not perform his job without being subjected to Lugo's pattern of conduct whereby he would give Plaintiff overly demanding assignments and instructions and harass him for being too slow implying that he was too old to do his job.

74. Lugo was Plaintiff's immediate supervisor at the time and Lugo's actions towards Plaintiff were severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Lugo's conduct was severe and pervasive from both a subjective and objective perspective.

75. Lugo's pattern of conduct and actions were condoned by Defendant.

76. Lugo, at all times relevant, was acting within the course and scope of his employment.

77. If not for Lugo's animus towards Plaintiff as an individual over 40 years of age, Plaintiff would not have received overly demanding assignments and instructions, would not have been harassed for being too slow and would not have been terminated.

78. Defendant's proffered reasons to terminate Plaintiff were pretextual.

79. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.

80. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff JUAN VENTURA requests judgment for:

   a. Past and future pecuniary losses, including injury to him professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. Interest on the amount found due;

c. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

d. Such other relief as the Court deems just and proper.

## COUNT V: VIOLATION OF THE FCRA
## (RETALIATION)

81. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

82. Plaintiff brings this claim for retaliation in violation of the FCRA.

83. Lugo's harassment of Plaintiff was done out in the open and in the presence of Plaintiff's co-workers including the company owner, Ted Conner's, son and general manager Jason Conner.

84. Jason Conner did nothing to stop or punish Lugo's harassment of Plaintiff, and therefore condoned or endorsed Lugo's inappropriate conduct.

85. At the time of the open and obvious harassment, Plaintiff had an objectively reasonable belief that the treatment he experienced was due to his age, hostile work environment, or a combination thereof.

86. As a result, Plaintiff has suffered the ultimate adverse employment action, termination.

87. Defendant states that Plaintiff was terminated because he was too slow, unable to understand instructions, and unable to complete assignments even though there is no support for this claim and it is, therefore, pretextual. Any other reason for Plaintiff's separation is equally pretextual as he was always competed his work every day and was never disciplined for any performance deficiencies.

88. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.

89. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff JUAN VENTURA requests judgment for:

a) Past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b) Interest on the amount found due;

c) Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

d) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JUAN VENTURA hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 26, 2021

         LAW OFFICES OF CHARLES EISS, P.L.
         Attorneys for Plaintiff
         7951 SW 6th Street, Suite 112
         Plantation, Florida 33324
         (954) 914-7890 (Office)
         (855) 423-5298 (Facsimile)

By: /s/ Charles M. Eiss
   CHARLES M. EISS, Esq.
   Fla. Bar #612073
   chuck@icelawfirm.com
   SHANNA WALL, Esq.
   Fla. Bar #0051672
   shanna@icelawfirm.com